# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY RHODES, | ) |
| | ) |
| Plaintiff, | ) 2:14-cv-1669 |
| | ) |
| v. | ) |
| | ) |
| JAMES E. HAUSER, *in his individual capacity*, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6) (ECF No. 5) filed by Defendant James E. Hauser, in his individual capacity, with a brief in support (ECF No. 6). Plaintiff Bradley Rhodes filed a brief in opposition (ECF NO. 8). Accordingly the motion is ripe for disposition.

**I.  Background**

The following background is drawn from the Complaint, and the factual allegations therein are accepted as true for the purpose of this Memorandum Opinion. As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

**A.  Factual Background**

On June 23, 2014, Defendant Hauser, an agent of the Commonwealth of Pennsylvania, Board of Probation and Parole, and David Zerjav, an agent of the United States Marshals Service, were traveling northbound on Fuller Road in Knox Township, Jefferson County, Pennsylvania in an unmarked white 2012 Chevrolet Malibu, toward a local residence to apprehend Plaintiff. At that time, Plaintiff was wanted for a parole violation as well as several crimes graded as summary offenses and misdemeanors under Pennsylvania law.

As he drove around a corner on Fuller Road—a two-way, asphalt highway with one lane in either direction—Hauser observed and recognized Plaintiff as the operator of a 1984 Honda XR 500 RE motorcycle heading southbound. Hauser and Zerjav had apparently agreed that, if they encountered Plaintiff on a motorcycle traveling toward them in the opposite direction, they would turn around and give chase rather than block him or attempt to stop him with the vehicle. Nevertheless, Hauser allegedly then turned his vehicle to the left, which caused it to cross the center line and block the entire oncoming lane with Plaintiff only ten to fifteen feet away.[1]

Plaintiff attempted to swerve right to avoid Hauser; however, he struck the Chevrolet Malibu near the right front wheel. Upon impact, Plaintiff was thrown from his motorcycle and landed on the roadside approximately twenty-one feet away. Plaintiff suffered serious injuries as a result of the collision, which required his immediate transport to a hospital by aircraft. This suit followed.

**B. Procedural History**

Plaintiff commenced this action by filing a six-count Complaint against Hauser, in his individual and official capacities, and the Commonwealth of Pennsylvania, Bureau of Probation and Parole, alleging claims for (1) a due process violation under a state-created danger theory; (2) unlawful seizure; (3) negligence per se; (4) negligence; (5) assault; and (6) vicarious liability. The then-Defendants thereafter filed a Rule 12(b)(6) motion, seeking the dismissal of all claims except Count Two. Along with his response to the motion to dismiss, Plaintiff filed a Rule 41(a)(1) Notice of Voluntary Dismissal regarding his vicarious liability claim against the Commonwealth as well as the negligence claims asserted against Hauser in his official capacity.

---

1. In his "Statement of the Case," Hauser states: "Plaintiff claims that the Defendants violated his rights by effectuating an arrest as he attempted to flee." Def.'s Br. at 1, ECF No. 6. The Complaint does not allege, let alone suggest, that Plaintiff was attempting to flee at that time. Instead, Plaintiff avers that he "was not actively resisting arrest or attempting to evade arrest by flight" and that he only realized that Hauser was a law enforcement officer when Hauser stood over him and pointed a firearm in his direction as he lay on the ground. Compl. at 4, ECF No. 1.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*,

556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing

4

*Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III. Discussion

In light of the Rule 41 Stipulation of Dismissal, the motion to dismiss only concerns the state-created danger theory set forth at Count One and the state law tort claims for negligence per se, negligence and assault pled at Counts Three-Five. The Court will address these aspects of the Complaint seriatim.

#### A. State-Created Danger

The United States Court of Appeals for the Third Circuit has explained that a state-created danger arises when:

> (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Morrow v. Balaski*, 719 F.3d 160, 177 (3d Cir. 2013) (en banc) (quoting *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006)). "A plaintiff's failure to satisfy any one of the above elements will defeat the state-created danger claim." *Grau ex rel. Grau v. New Kensington-*

*Arnold Sch. Dist.*, No. CIV.A. 10-111, 2010 WL 3811829, at *5 (W.D. Pa. June 30, 2010), *report and recommendation adopted*, No. 2:10-CV-111, 2010 WL 3824207 (W.D. Pa. Sept. 23, 2010), *aff'd*, 429 F. App'x 169 (3d Cir. 2011) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 914 (3d Cir. 1997)).

Here, Defendant argues that Plaintiff has failed to satisfy the second and forth prong. In support, Defendant asserts as follows: "Plaintiff admits that [Fuller Road] [is] a two-lane highway and that Defendant Hauser blocked Plaintiff's lane of travel. Therefore, the remaining lane of travel was open and Plaintiff could have avoided the roadblock. Plaintiff's claim should be dismissed." Defs.' Br. at 5, ECF No. 6. The Court cannot agree.

### 1. "Shocks the Conscience"

With respect to the second element of a state-created danger claim, the Court of Appeals for the Third Circuit has explained that "the precise degree of wrongfulness required to reach the conscience-shocking level depends on the circumstances of a particular case." *Estate of Smith v. Marasco*, 318 F.3d 497, 508 (3d Cir. 2003) (citing *Miller v. City of Philadelphia*, 174 F.3d 368, 374-75 (3d Cir. 1999)). Indeed, the question of whether a given action 'shocks the conscience' has an 'elusive' quality to it." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 426 (3d Cir. 2006) (quoting *Estate of Smith*, 318 F.3d at 508).

At one end of the spectrum, "[a] plaintiff faces the highest bar where the state actor faces a 'hyperpressurized environment' requiring a snap judgment; in such cases, [courts] permit recovery only when the state actor displays an actual intent to cause harm." *Robinson v. Peirce*, 586 F. App'x 831, 834 (3d Cir. 2014) (citing *Sanford v. Stiles*, 456 F.3d 298, 309 (3d Cir. 2006) (quoting *Estate of Smith*, 318 F.3d at 508)); *see also Estate of Smith*, 318 F.3d at 508 ("In cases involving a 'hyperpressurized environment,' such as a prison riot or a high-speed chase, liability

6

normally will attach only where a 'purpose to cause harm' is demonstrated.") (quoting *Miller*, 174 F.3d at 375).

"By contrast, where deliberation is possible and officials have the time to make 'unhurried judgments,' deliberate indifference is sufficient." *Id.* (quotation marks omitted). This end of the spectrum includes, for example, "the custodial situation of a prison, where forethought about an inmate's welfare is possible, [and] deliberate indifference to a prisoner's medical needs may be sufficiently shocking." *Estate of Smith*, 318 F.3d at 508 (citing *Miller*, 174 F.3d at 375). A showing of "deliberate indifference" requires a "conscious disregard of 'a substantial risk of serious harm.'" *Robinson*, 586 F. App'x at 834 (3d Cir. 2014) (citing *Ziccardi v. City of Philadelphia*, 288 F.3d 57, 66 (3d Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994))) (alterations omitted). "Regardless of the standard applied, '[m]ere negligence is not enough to shock the conscience.'" *Id.* (quoting *Sanford*, 456 F.3d at 311).

And there is yet a third type of case: "[w]here a defendant has to act with some urgency, but does not have to make split-second decision—such as when a social worker attempts to remove a child from the parents' custody—the defendant's actions must reach a level of gross negligence or arbitrariness that indeed shocks the conscience." *Kaucher*, 455 F.3d at 426 (citation and quotation marks omitted). Within this middle range, it requires "'proof that the defendants consciously disregarded, not just a substantial risk, but a great risk that serious harm would result.'" *Rivas v. City of Passaic*, 365 F.3d 181, 195-96 (3d Cir. 2004) (quoting *Ziccardi*, 288 F.3d at 66).

It is unclear whether the parties agree where along the apparent sliding-scale this case rests. Plaintiff urges the Court to apply the mid-level culpability standard, while Defendant only offers his novel legal theory and injects facts from outside of the Complaint. Plaintiff does not

7

plead facts to support Defendant's suggestion that Hauser was engaged in the "hyperpressurized environment" of a chase. Rather, the Complaint alleges that Hauser disregarded his plan to turn around and give chase, placed his vehicle in Plaintiff's path of travel while only ten to fifteen feet away and should have known that blocking an oncoming motorcycle at that distance would result in serious harm. Accepting the facts in the Complaint as true, as this Court must at this stage, it finds that Plaintiff has set forth sufficient material to support his theory at this time. Only discovery will confirm or refute Plaintiff's version of events.

### 2. Affirmative Use of Authority

"The three necessary conditions to satisfy the fourth element of a state-created danger claim are that: (1) a state actor exercised his or her authority, (2) the state actor took an affirmative action, and (3) this act created a danger to the citizen or rendered the citizen more vulnerable to danger than if the state had not acted at all." *Ye v. United States*, 484 F.3d 634, 639 (3d Cir. 2007) (citing *Bright*, 443 F.3d at 281-82). Defendant fails to address any aspect of this element in any meaningful way; once again, he merely asserts that Plaintiff did not plead facts to support his claim and could have avoided the roadblock. Such a statement is conclusory at best. Of course, "[t]he defendant bears the burden of proving the plaintiff has failed to articulate a claim upon which relief could be granted." *Kundratic v. Thomas*, 407 F. App'x 625, 627 (3d Cir. 2011) (citing *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). An unsupported legal conclusion falls well short of meeting this burden. Accordingly, the Court will deny the motion to dismiss Count One of the Complaint.

### B. State Law Tort Claims

Defendant moves for dismissal of the remaining state law tort claims on sovereign immunity grounds. In response, Plaintiff contends that Defendant's negligence and negligence

per se claims fall within the vehicle liability exception to sovereign immunity and that the alleged assault was not within the scope of Hauser's duties.

Under Pennsylvania law, "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. Cons. Stat. Ann. § 2310. The Pennsylvania General Assembly has expressly waived its immunity in nine instances, including for vehicle liability. *See* 42 Pa. Cons. Stat. Ann. § 8522(b). This exception provides:

> The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: . . . The operation of any motor vehicle in the possession or control of a Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

42 Pa. Cons. Stat. Ann. § 8522(b)(1). Defendant suggests that this exception does not apply, analyzing these claims together with the sole intentional tort count.[2] The Court cannot agree. *See generally Mobley v. Lantz*, No. 1:13-CV-1804, 2014 WL 3810119, at *22 (M.D. Pa. July 31, 2014) ("These exceptions to the general grant of immunity to the Commonwealth and its employees are for negligent acts . . . . Under Pennsylvania's sovereign immunity statute, an employee of the Commonwealth . . . acting within the scope of his or her employment or duties, is protected by sovereign immunity from the imposition of liability for intentional tort claims.") (citations omitted).

---

2. To the extent that Defendant suggests that Plaintiff's state-created danger theory is inconsistent with his state law claims, the Court notes that Rule 8 allows plaintiffs to plead claims in the alternative even if the theories are incompatible at a later stage. *See In re Processed Egg Products Antitrust Litig.*, 851 F. Supp. 2d 867, 915 (E.D. Pa. 2012) (citing *Indep. Enters. Inc. v. Pittsburgh Water and Sewer*, 103 F.3d 1165, 1175 (3d Cir. 1997); Fed. R. Civ. P. 8(d)(2), (3)).

9

It is undisputed that Hauser, an employee of the Commonwealth, was driving the unmarked white 2012 Chevrolet Malibu toward a local residence to apprehend Plaintiff when the alleged incident occurred. Moreover, the "road-block" aspect of this claim also does call into question the "in operation" requirement for the application of this exception. *See Pana v. Se. Pennsylvania Transp. Auth.*, 657 A.2d 1320, 1322 (Pa. Commw. Ct. 1995) (citing *City of Pittsburgh v. Jodzis*, 607 A.2d 339, 349 (Pa. Commw. Ct. 1992)). The Court thus cannot dismiss the negligence claims set forth at Counts Three and Four based on sovereign immunity. The only question that remains is whether Plaintiff may proceed with his assault claim pled at Count Five, which in turn depends on whether Hauser was acting "within the scope of his employment."

An employee's conduct falls within the scope of his employment when it: "(1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; (3) is motivated at least in part by a desire to serve the employer; and (4) if force was used by the employee against another, the use of force is not unexpect[ed] by the employer." *Mobley*, 2014 WL 3810119, at *23 (citing *Savage v. Judge*, No. Civ. A. 05–2551, 2007 WL 29283, at *5 (E.D. Pa. Jan. 2, 2006) (citing RESTATEMENT (SECOND) OF AGENCY § 228)). Applying this standard, "[a] court may deny a motion to dismiss on the basis of state sovereign immunity where it is unclear from the facts of the case whether the Commonwealth employees were actually acting within the scope of their employment." *Id.*

At this early stage of the proceedings, the record is not yet developed enough for the Court to determine whether Hauser was acting within the scope of his duties. For example, the Court cannot decide, without the benefit of discovery, whether "'the alleged intentional tort was unprovoked, unnecessary or unjustified by security concerns"—*i.e.*, conduct that does not, as a

10

matter of law, fall within the scope of employment. *Id.* (quoting *Wesley v. Hollis*, 2007 WL 1655483, at *15 (E.D. Pa. June 6, 2007)); *see also Zion v. Nassan*, 283 F.R.D. 247, 267 (W.D. Pa. 2012), *aff'd*, 556 F. App'x 103 (3d Cir. 2014) ("Since an employee is generally authorized to use only reasonable measures to achieve a result desired by his or her employer, an outrageous act may lie beyond the scope of his or her employment even where it constitutes a means of accomplishing an authorized result.") (citation omitted). Accordingly, the Court will deny the motion to dismiss the state law tort claims.

## IV. Conclusion

For the reasons hereinabove stated, the Court will deny the motion to dismiss. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY RHODES, | ) ) ) |
| Plaintiff, | ) ) 2:14-cv-1669 |
| v. | ) ) ) |
| JAMES E. HAUSER, *in his individual capacity*, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

AND NOW, this 22nd day of April, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6) (ECF No. 5) filed by Defendant James E. Hauser, in his individual capacity, is **DENIED**. Defendant shall file a responsive pleading on or before May 6, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **John F. Mizner**
Email: jfm@miznerfirm.com
**Joseph M. Kanfer**
Email: jmk@miznerfirm.com

**Sandra A. Kozlowski**
Email: skozlowski@attorneygeneral.gov

(via CM/ECF)